THE STATE EX REL. A & B REFUSE DISPOSERS, INC. *v.* SCHREGARDUS, DIRECTOR, ENVIRONMENTAL PROTECTION AGENCY.

[Cite as *State ex rel. A & B Refuse Disposers, Inc. v. Schregardus* (1994), 68 Ohio St.3d 351.]

(No. 93–161—Submitted December 7, 1993—Decided February 23, 1994.)

352

352 352

*David C. Eiser,* for relator.

*Lee I. Fisher,* Attorney General, *David G. Cox* and *Gertrude M. Kelly,* Assistant Attorneys General, for respondent.

---

*Per Curiam.* Relator claims respondent has a clear legal duty to approve the Closure Trust Fund. However, it is not clear what relator means by this claim. In "Relator's Opposition to Respondent's Motion to Dismiss," filed before the court converted respondent's motion into a motion for summary judgment and before relator's counsel withdrew from the case, relator argued that the language of the Closure Trust Fund of which it is the grantor varies from certain language required for such trust by Ohio Adm.Code 3745–27–17—particularly language concerning who may amend the trust ("grantor and trustee" under Section 13 of the actual trust; "grantor, trustee, and [OEPA] director" under Section 16 of Ohio Adm.Code 3745–27–17)—and that this somehow gives rise to the duty of respondent to act under R.C. 3734.02. R.C. 3734.02, among other things, permits the respondent to grant variances from rules, but we can discern from it no clear legal duty on him to approve this particular trust, as relator requests.

Next, relator requests that respondent be compelled to appoint Edwin E. Morgan successor trustee. However, the very rule relator cites, Ohio Adm.Code 3745–27–17, provides only for a corporate trustee or national bank, and relator has not established that Morgan is either. Moreover, respondent has submitted evidence attached to his "motion to dismiss" that he did approve Society National Bank, Akron, as trustee, but that relator had not yet acceded to the appointment. Accordingly, we find no clear legal right or duty on this issue.

Finally, relator argues that mandamus will lie to compel payment of the trustee's fees from the Closure Trust Fund. However, the trust agreement is vague on this point. Section 10 states:

"Trustee compensation. The trustee will be entitled to reasonable compensation for his service as agreed upon in writing periodically with the grantor."

On the other hand, Section 7 of the trust agreement provides in part:

" * * * compensation of the trustee to the extent not paid directly by the grantor * * * will be paid from the fund."

According to paragraph eight of the complaint, the original trustee resigned when he was advised (presumably by respondent) that he must seek his fees from relator.[1] Whether or not respondent correctly interpreted the trust agreement

---

1. The trustee allegedly appealed to the Environmental Board of Review and lost on jurisdictional grounds.

on this point, we can find no clear legal duty on his part to order the trustee to be reimbursed from the trust fund. The issue is one of the construction of a trust agreement, unaccompanied by any corresponding clear legal duty of respondent to order payment of the trustee's fees.

Accordingly, for the reasons stated, we grant the motion for summary judgment and deny the writ.

*Summary judgment granted*
*and writ denied.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

